UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KERMIT DEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| RANGEWATER REAL ESTATE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant RangeWater Residential, LLC, incorrectly named RangeWater Real Estate, LLC in the caption of the case ("RangeWater")[1], respectfully submits this Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of Removal, RangeWater states the following:

**A.     Timeliness of Removal**

1.     On February 14, 2025, Plaintiff Kermit Dearman ("Plaintiff") filed his Complaint against RangeWater in the Superior Court of Fulton County, Georgia, Case No. 25CV002141 ("Complaint"). Plaintiff's Complaint purportedly asserts violations of the federal Fair Housing Act ("FHA"), as well as state law "claims" of

---

[1] Plaintiff's employer was RangeWater Residential, LLC.

wrongful termination, fraud, and breach of contract (the "State Law Claims"). The Complaint is attached hereto as **Exhibit A**.

2. RangeWater's registered agent was served with process on April 16, 2025.

3. Pursuant to 28 U.S.C. § 1446(b)(1), RangeWater is timely removing this action within thirty (30) days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**B.   Venue**

4. The Superior Court of Fulton County, Georgia is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Plaintiff's address is also stated in the Complaint as being in Ellenwood, Georgia, which is within the Atlanta Division of the Northern District of Georgia.

**C.   Basis for Removal: Federal Question Jurisdiction**

6. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint contains a purported claim arising under the Constitution, laws, or treaties of the United States.

7. Plaintiff's Complaint alleges that RangeWater violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (the "FHA"). The Complaint states "RangeWater failed to properly investigate a harassment claim which is in violation of 42 U.S.C. §3601 [the FHA]." Compl. ¶2. By allegedly asserting a claim under the FHA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**D.   Supplemental Jurisdiction**

8. This Court has supplemental jurisdiction over Plaintiff's State Law Claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Here, Plaintiff's State Law Claims relate closely to his purported FHA claim. The claims all arise out of a common nucleus of operative facts: the

termination of Plaintiff's employment from RangeWater. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's State Law Claims. Plaintiff's State Law Claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**E.   Procedural Requirements**

10.   Copies of all process, pleadings, and orders served on RangeWater are attached hereto as **Exhibit B**.

11.   A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Fulton County, Georgia, and a copy is being served on Plaintiff as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

WHEREFORE, having fully complied with all requirements for removal of this action, RangeWater requests that the action now pending in the Superior Court of Fulton County, Georgia, be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 13th day of May, 2025.

*/s/Deepa Subramanian*
Deepa Subramanian
Georgia Bar No. 278625
Katherine Krouse Estroff
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
deepa.subramanian@ogletree.com
katie.estroff@ogletree.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KERMIT DEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| RANGEWATER REAL ESTATE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that on this 13th day of May, 2025, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, and I further certify that I served a copy via Electronic and U.S. mail postage prepaid to:

Kermit Dearman
3043 Orbit Circle
Ellenwood, Georgia 30294
dearmank@outlook.com

*/s/Deepa Subramanian*
Deepa Subramanian
Georgia Bar No. 278625