**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KERMIT DEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:25-cv-02673-AT |
| RANGEWATER REAL ESTATE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant RangeWater Residential, LLC ("Defendant" or "RangeWater"), incorrectly named as RangeWater Real Estate, LLC in the caption of the case, herein replies in support of its Motion to Dismiss Plaintiff's Complaint. Defendant removed this case to this Court in May 2025. Defendant filed its Motion to Dismiss Plaintiff's Complaint on May 20, 2025. [Doc. 3]. Plaintiff did not respond and there was no movement on the docket until December 31, 2025, when the Court issued an Order to Show Cause by January 16, 2026. [Doc. 6]. Now, on January 14, 2026, approximately 8 months after Defendant filed its Motion, Plaintiff has filed a Response and insists he wants to pursue his case, despite having taken no action since he filed his Complaint in Fulton County Superior Court on February 14, 2025. [Doc. 7].

Plaintiff responded to the Order to Show Cause in the same filing as his Response to the Motion to Dismiss. Defendant responds that Plaintiff has not shown good cause for his willful violation of the rules and his complete failure to prosecute his case for 8 months. He never even affirmatively approached the Court to pursue his case further, he only reappeared when the Court issued the Show Cause Order and threatened to dismiss his case. While it may be true that Plaintiff had financial and housing instabilities, this is not good cause to neglect a case that <u>he initiated</u>, by his own choice, for many months. Defendant asks the Court to proceed with dismissing this case on failure to prosecute grounds alone. *See, e.g.*, *Lopez v. First Horizon Home Loan Corp.*, 600 F. App'x 642, 643 (11th Cir. 2015) ("[N]o court in our circuit has concluded that self-representation and financial problems are enough to establish excusable neglect." (internal quotation marks omitted)); *Starship 1, LLC v. SKY Support, LLC*, No. 22-20090-CIV, 2023 WL 4270374, at *3 (S.D. Fla. June 14, 2023), *report and recommendation adopted,* No. 22-20090-CV, 2023 WL 4259716 (S.D. Fla. June 29, 2023) (granting motion to strike, in part, because the plaintiff failed to establish good cause where they alleged, *inter alia*, that financial troubles forced them to approach the case prudently); *Mathis v. CSX Transp.*, No. 3:20-CV-528-MMH-JRK, 2021 WL 2661003, at *2 (M.D. Fla. June 29, 2021) (dismissing without prejudice in part for failure to prosecute where over a year passed with *pro se* plaintiff "making no effort to pursue his claims," including

failures to respond to motion to dismiss and provide adequate explanation for delays in response to multiple show cause orders), *aff'd,* No. 21-12527, 2022 WL 414395 (11th Cir. Feb. 11, 2022).

Separately, Defendant also herein replies in support of its Motion to Dismiss. Plaintiff appears to assert claims of negligence and retaliation in violation of the Fair Housing Act ("FHA"), as well as claims for breach of contract, wrongful termination, and fraud. Despite Plaintiff's "response" to the Motion to Dismiss, Plaintiff's claims must be dismissed because he has failed to satisfy the pleading standard on any of his claims.

I.     **ARGUMENT AND CITATION OF AUTHORITY**

Plaintiff's Response does not assert a single case or address a single argument from Defendant's Motion to Dismiss. Instead, he states a few sentences that the factual allegations must be accepted as true and construed in a light most favorable to him. He concludes, without more, that his allegations are "fact-specific, plausible, and sufficient to place Defendant on notice of the claims asserted." [Doc. 7, p. 2]. He does not refute, however, that he has not stated any facts in his Complaint <u>at all</u> that state the claims he allegedly asserts. Legal claims have elements, and he has not asserted facts establishing any of the elements of his alleged claims. A few unsupported (without case citations) statements do not constitute an adequate

"response" to be considered by this Court and certainly should not lead to a denial of Defendant's Motion to Dismiss.

### A. The Fair Housing Act claim.

Plaintiff has not responded to Defendant's arguments regarding the Fair Housing Act claim and therefore Defendant's arguments are undisputed and the claim should be dismissed. N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."); *see also White v. GA Dep't of Motor Vehicle Safety*, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) ("Furthermore, it is well-accepted in this district that the failure to respond to arguments relating to a claim constitutes abandonment of the claim.").

### B. The Breach of Contract Claim.

Again, Plaintiff does not refute Defendant's arguments regarding a breach of contract. He still has not established any contract between the parties, a breach, or damages. N.D. Ga. Civ. R. 7.1(B); *White*, 2006 WL 1466254, at *1.

### C. The Wrongful Termination Claim.

It is well established that Georgia law does not recognize a claim of "wrongful termination" for at-will employees. *See Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) ("Georgia law does not recognize wrongful discharge of at-will employees"); *Jellico v. Effingham Cnty.*, 221 Ga. App. 252, 253, 471 S.E.2d 36, 37 (1996) (Georgia's "general rule is that '[a]n employee, employed at will and not by contract, cannot bring an action against his employer for wrongful

discharge from employment'" (quoting *Troy v. Interfinancial*, 171 Ga. App. 763, 766(1), 320 S.E.2d 872 (1984))); *Mr. B's Oil Co. v. Reg.*, 181 Ga. App. 166, 167, 351 S.E.2d 533, 534 (1986) ("This court has repeatedly held that in the absence of a controlling written contract of employment, there is *no* cause of action against the employer for alleged wrongful termination" (emphasis in original)).

Plaintiff has not refuted Defendant's arguments on this claim, and it too must be dismissed as undisputed. N.D. Ga. Civ. R. 7.1(B); *White*, 2006 WL 1466254, at *1.

### D. The Fraud Claim.

Federal Rule of Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet the particularity requirement, a plaintiff must allege (1) the precise statement or misrepresentation made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statement misled the plaintiff; and (4) what the defendants gained from the alleged fraud. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

Plaintiff has not addressed a single one of these elements and has not refuted Defendant's arguments in the Motion to Dismiss regarding the fraud claim. It too must be dismissed as undisputed. N.D. Ga. Civ. R. 7.1(B); *White*, 2006 WL 1466254, at *1.

## II. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As separately addressed in Defendant's Response to Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff should not be allowed to amend because of his undue delay in prosecuting his case, and the deficiencies in his Complaint are incurable. RangeWater respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted, this 26th day of January, 2026.

.

<u>/s/ Katherin Krouse Estroff</u>
Deepa N. Subramanian
Georgia Bar No. 278625
Katherine Krouse Estroff
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
deepa.subramanian@ogletreedeakins.com
katie.estroff@ogletree.com

*Attorneys for Defendant*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(D)

This is to certify that DEFENDANT RANGEWATER RESIDENTIAL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

Respectfully submitted this 26th day of January, 2026.

/s/ Katherine Krouse Estroff
Katherine Krouse Estroff
Georgia Bar No. 514298

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KERMIT DEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:25-cv-02673-AT |
| RANGEWATER REAL ESTATE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of January, 2026, I electronically filed the foregoing DEFENDANT RANGEWATER RESIDENTIAL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system, and I further certify that I served a copy via Electronic and U.S. mail postage prepaid to:

Kermit Dearman
3043 Orbit Circle
Ellenwood, Georgia 30294
dearmank@outlook.com

/s/ Katherine Krouse Estroff
Katherine Krouse Estroff
Georgia Bar No. 514298